DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**REGUEZ INVESTMENTS, LLC,**
Appellant,

v.

**LAZARO HERNANDEZ,**
Appellee.

No. 4D13-2733

[May 27, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Diana Lewis, Judge; L.T. Case No. 502011CA002503XXXXMB.

Ricardo A. Reyes of Tobin & Reyes, P.A., Boca Raton, for appellant.

Marshall E. Rosenbach of Law Offices of Marshall E. Rosenbach, North Palm Beach, for appellee.

CONNER, J.

Reguez Investments, LLC, appeals the trial court's order entering a final judgment denying its attempt to foreclose on a property owned by Hernandez and used as security for a loan made by Reguez to Hernandez. Although Reguez raises multiple issues on appeal regarding the trial court's admission of evidence and the relief it granted, since we determine that Reguez was prejudiced by the trial court reversing its pre-trial and mid-trial rulings regarding the admissibility of evidence, we reverse the final judgment and remand for a new trial.

Reguez made a loan to Hernandez so that Hernandez could purchase a house. Hernandez gave Reguez a purchase money mortgage to secure the loan. Another transaction, involving a commercial property, referred to as the "Tall Pines property," was alleged at trial to be a "side deal" to the mortgage loan. The alleged side deal was that Hernandez's loan from Reguez would be forgiven once the Tall Pines property was sold because the proceeds of a lien held by Hernandez on the Tall Pines property would be used to satisfy the mortgage.

After Hernandez stopped making payments, Reguez filed a foreclosure action. Prior to trial, Hernandez attempted to file a counterclaim regarding the Tall Pines property, but Reguez successfully blocked the filing of the counterclaim, resulting in a separate action being filed. As evidence was presented at trial, the trial court initially ruled evidence of the side deal was irrelevant and inadmissible. However, as the evidence progressed, the trial court altered its position and allowed evidence of the side deal. Eventually, the side deal became a main source of contention during the trial. Reguez was surprised by the change in position regarding the relevance of the side deal and was unprepared to present rebuttal evidence.

We have held that rulings made prior to trial "are subject to change during trial as the trial court develops an understanding of the facts and circumstances of the case." *Hawker v. State*, 951 So. 2d 945, 950 (Fla. 4th DCA 2007). However, "[c]ivil trials are not to be ambushes for one side or the other." *Dep't of Health & Rehabilitative Servs. v. J.B. By & Through Spivak*, 675 So. 2d 241, 243 (Fla. 4th DCA 1996). Therefore, given the facts of this case, we find that Reguez was prejudiced by the trial court's change in position regarding the admission of evidence concerning the Tall Pines property. We reverse and remand for a new trial.

*Reversed and remanded.*

DAMOORGIAN, C.J., and FORST, J., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**